I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-3-13

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID H. CASTANEDA,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No. EDCV 13-2094-CAS (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　　Petitioner, a California state prisoner currently incarcerated at a prison facility in Corcoran, filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on November 14, 2013. The gravamen of petitioner's claims is that he received ineffective assistance of trial counsel during the plea bargain process.

　　　　It appears from the face of the Petition that it is directed to the same 1998 judgment of conviction sustained in San Bernardino County Superior Court as the prior habeas petition lodged for filing by petitioner in this Court on April 12, 2007 in Case No. EDCV 07-0496-CAS (RNB) [hereinafter the "Prior Action"]. On January 28, 2008, Judgment was entered in the Prior Action denying the operative First Amended Petition and dismissing the action with prejudice, based on the Magistrate Judge's finding and conclusion that the action was time barred. Petitioner filed a Notice of Appeal from that Judgment. However, his requests for a Certificate

of Appealability were denied in turn by this Court and the Ninth Circuit.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

//
//

The instant Petition constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). To the extent that petitioner's current ineffective assistance of counsel claims were encompassed by his claim in the Prior Action that he received ineffective assistance of trial counsel when trial counsel inter alia gave petitioner faulty advice at the plea bargain stage, causing petitioner to lose a beneficial offer, § 2244(b)(1) compels dismissal of those claims. To the extent that petitioner's current ineffective assistance of counsel claims were not encompassed by his ineffective assistance of counsel claim in the Prior Action, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider those claims, prior to his filing of the instant Petition in the District Court. Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See 28 U.S.C. § 2244(b)(3)(C). Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). See 28 U.S.C. § 2244(b)(4). Under § 2244(b)(4), the petitioner must make "more than another prima facie showing" in the district court; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

While it does not appear to the Court that any "new" claims now being alleged by petitioner are based on any new rules of constitutional law made retroactive by the

Supreme Court[1] or that petitioner can make the requisite prima facie showing that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence or that petitioner can show that the facts underlying his claims establish his innocence by clear and convincing evidence, that is a determination for the Ninth Circuit to make in the first instance. Petitioner's failure to secure an order from the Ninth Circuit authorizing the District Court to consider any "new" claims being alleged in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the Court of subject matter jurisdiction to consider those claims. See Cooper, 274 F.3d at 1274.

//
//
//
//
//
//

---

[1]  The Court notes in this regard that, while petitioner has cited the Supreme Court's 2012 decisions in Lafler v. Cooper, - U.S. -, 131 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012) and Missouri v. Frye, - U.S. -, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012) in support of his current ineffective assistance of counsel claims, the Supreme Court merely was reiterating in those cases its holding in Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), that the Strickland standard applies to claims of ineffective assistance during the plea bargain process. See Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Because the Court in Frye and Lafler repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government. Therefore, we join the Eleventh Circuit in concluding that neither case decided a new rule of constitutional law."); see also Baker v. Ryan, 497 Fed. Appx. 771, at *2 (9th Cir. 2012) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (rejecting the petitioner's contention that Lafler and Frye announce newly-recognized constitutional rights that apply retroactively on collateral review), cert. denied, 133 S. Ct. 2867 (2013).

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 25, 2013

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

5